**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Alexander Adame-Rodriguez, | No. CV 16-02951-PHX-DJH (DMF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jeff B. Sessions, et al., | |
| Respondents. | |

Petitioner Alexander Adame-Rodriguez (Petitioner) has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 6 ) Respondents argue that the Petition should be dismissed as moot because Petitioner has been released from detention. (Doc. 14, 14-1.) As set forth below, the Court finds that the Petition should be dismissed as moot.

**I.     Factual and Procedural Background**

Petitioner is a native of Venezuela and a citizen of Colombia. (Doc. 6 at 12.) On September 19, 2013, the Department of Homeland Security (DHS) reinstated a prior order of removal against Petitioner and placed him in custody. (*Id.* at 13.) On September 1, 2016, Petitioner filed the Petition in this Court asserting a number of grounds for relief, including that the Bureau of Immigration Appeals (BIA) erred in denying him a bond, the Immigration Judge (IJ) erred in applying the standard of proof in Petitioner's bond hearing, and the IJ violated his Fifth Amendment Due Process rights by detaining him for a potentially indefinite period. (*Id.* at 5-8.) Petitioner requested that the Court reverse the

1  IJ's decision denying him a bond, and order that he be released under an order of
2  supervision. (*Id.* at 10, 22.)

3         On May 30, 2017, Respondents filed a Notice of Petitioner's Release from
4  Immigration Custody and Suggestion of Mootness. (Doc. 14.) Respondents asserted that
5  an IJ ordered Petitioner released on bond and under an order of supervision. (*Id.* at 1-2.)
6  Respondents indicated that Petitioner was released on an order of supervision on May 12,
7  2017, thud rendering his pending Petition moot because he obtained the relief he
8  requested. (*Id.* at 2.)

9         On August 10, 2017, the Court issued an order for Petitioner to show cause, on or
10 before August 28, 2017, why his Petition should not be dismissed for failure to notify the
11 Court of any change in his address as required by Rule 83.3(d) of the Local Rules of Civil
12 Procedure and this Court's Order of January 11, 2017. (Doc. 5 at 2; Doc. 19 at 1.)
13 Further, the Court ordered Petitioner to show cause, on or before August 28, 2017, why
14 his Petition should not be dismissed as moot in light of his release from custody. (*Id.*
15 at 2.) On August 28, 2017, Petitioner filed a notice of change of address with the Court.
16 (Doc. 22.) However, Petitioner has not responded to the Court's order to show cause
17 why the Petition should not be dismissed as moot in view of his release from custody,
18 and he has not requested an extension of time to do so.

19 **II.    The Petition is Moot**

20        "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court
21 jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty,* 445 U.S.
22 388, 395 (1980). An actual case or controversy must exist at all stages of judicial
23 review. *Ortez v. Chandler*, 845 F.2d 573, 574-575 (5th Cir. 1988) (holding that no
24 case or controversy existed when movant, who challenged his bond determination, had
25 been deported because the relief he requested, reduction of his bond, could no
26 longer be effected.) This limitation restricts the jurisdiction of the federal courts to
27 cases on which there is a possible judicial resolution. *Geraghty*, 445 U.S. at 395. The
28 federal courts lack jurisdiction to review moot issues. *Gator.com Corp. v. L.L. Bean,*

*Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005) (stating that "[i]t is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies.")  An action is moot when the parties lack a legally cognizable interest in the outcome.  *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985).

Here, Petitioner challenges his continued detention and seeks release under an order of supervision.  (Doc. 6.)  Because Petitioner has been released from detention under an order of supervision, the relief he requests can no longer be granted.  Therefore, no "case or controversy" remains and the Petition is moot.  *See Picrin–Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed); *see also Abdala v. INS*, 488 F.3d 1061, 1064-65 (9th Cir. 2007) (discussing and collecting cases in which a petitioner's release from detention, parole, or removal rendered a habeas petition moot); *Flores–Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008) (dismissing as moot a challenge to immigration detention without a hearing because the alien had subsequently received a hearing).  The Court does not have subject matter jurisdiction to consider a habeas claim that is moot.

### III.    Conclusion

Because Petitioner has been released from detention, his Petition, which seeks release from detention, is moot. *See Abbot v. Federal Bureau of Prisons*, 771 F.3d 512, 513 (9th Cir. 2014).   The Court recommends that the Petition be dismissed as moot.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 6) be **DISMISSED** as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.   Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's

judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 13th day of September, 2017.

Bridget S. Bade
United States Magistrate Judge